NO. 07-06-0349-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 19, 2006


______________________________



ALEX M. FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409540; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant, Alex Martinez Flores, appeals his conviction for possession of a
controlled substance (cocaine) in an amount less than 200 grams but at least four grams
and sentence of 30 years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. For the reasons stated herein, we abate and remand.

 After a careful examination of the clerk's record, we are unable to determine the
date sentence was imposed in open court. The judgment indicates that sentence was
imposed on June 15, 2006 and on August 24, 2006. Because the date sentence is
imposed in open court is essential in determining the time in which an appeal may be
perfected, see Tex. R. App. P. 26.2, we now abate and remand the cause to the trial court
for a determination of the appropriate sentencing date. We direct the trial court clerk to
forward a corrected order which consistently reflects the date sentence was imposed in
open court to the Clerk of this Court in a supplemental clerk's record by Tuesday,
November 14, 2006.

 It is so ordered.

 Per Curiam


Do not publish. 



low, he included an
affidavit of indigence. It is not before us, however. Nor has Bright cited us to anything of
record establishing that he was indigent at the time the trial court denied his motion for
appointed counsel. Moreover, our own review of the highly abbreviated record before us
uncovered no evidence illustrating his purported indigence at that time. (3) Consequently, we
cannot say that the trial court clearly abused its discretion in denying his motion for
appointed counsel, and because we cannot, we overrule the motion for rehearing.

 

 Brian Quinn

 Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Chapter 64 of the Code of Criminal Procedure concerns forensic DNA testing of those previously
convicted. Article 64.01(c) of the Code states that a "convicted person is entitled to counsel during a
proceeding under this chapter" if he "informs the convicting court that . . . [he] wishes to submit a motion under
this chapter and if the court determines that the person is indigent . . . ." Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2003). 
3. Bright has filed with us a document purporting to illustrate his indigence for purposes of prosecuting
his request for mandamus relief. But, nothing illustrates that this same document was before the trial court
at the time it denied his request. Nor does the record illustrate that the economic situation described in the
document was that portrayed to the trial court.